IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

_____

| | | |
|---|---|---|
| SHAWN HOWARD WELLER, | ) | Cause No. CV 10-21-H-DWM-RKS |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND |
| | ) | RECOMMENDATIONS OF |
| MIKE MAHONEY; ATTORNEY | ) | U.S. MAGISTRATE JUDGE |
| GENERAL OF THE STATE OF | ) | |
| MONTANA, | ) | |
| | ) | |
| Respondents. | ) | |

_____

On May 11, 2010, Petitioner Shawn Weller moved to proceed in

forma pauperis with this action for writ of habeas corpus under 28 U.S.C.

§ 2254.  Petitioner is a state prisoner proceeding pro se.

On May 24, 2010, Petitioner was ordered to show cause why his

petition should not be dismissed with prejudice as procedurally defaulted without excuse.  He responded on June 16, 2010.

## I. Petitioner's Claims

Petitioner alleges, first, that the State neglected to enter evidence at his trial and that the transcript was altered to conceal the State's omission.  Pet. (doc. 1) at 4 ¶ 15A.  Second, Petitioner asserts that he did not personally receive complete copies of the transcripts and discovery in his case.  He avers that this error, too, was designed to frustrate his attempts to obtain relief.  Id. at 5 ¶ 15B.

## II. Analysis

### A. Proceedings in State Court

Generally, federal habeas petitioners must fairly present their claims in the state courts before filing in federal court.  28 U.S.C. § 2254(b)(1)(A), (c); O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999); Rose v. Lundy, 455 U.S. 509, 522 (1982).

Petitioner raised the claims in his federal petition in the Montana Supreme Court by filing a petition for writ of habeas corpus.  Pet. at 4-6, Weller v. Mahoney, No. OP 09-0415 (Mont. filed July 16, 2009).  He also

specifically relied on his federal right to a fair trial.  Id. at 23 (invoking federal right to fair trial).[1]  See also Order at 1 para. 3, Weller, No. OP 09-0415 (Mont. Aug. 20, 2009) (describing Petitioner's claims).

The Montana Supreme Court held that Petitioner's claims were barred by Mont. Code Ann. § 46-22-101(2) (1991).  The statute provides that "[t]he writ of habeas corpus is not available to attack the validity of the conviction or sentence of a person who has been adjudged guilty of an offense in a court of record and has exhausted the remedy of appeal."  The court noted that Petitioner could have raised his claims on direct appeal or in a petition for postconviction relief.  Order at 2, Weller, No. OP 09-0415.

Petitioner filed a petition for postconviction relief in the trial court, Pet. Exs. (doc. 1-1) at 6-13, but he did not appeal its denial, Pet. at 3 ¶ 12.

## B. Procedural Default

The Montana Supreme Court declined to consider Petitioner's claims because he failed to comply with a firmly established and consistently

---

[1]  The petition and other documents in the case are available at http://supremecourtdocket.mt.gov (accessed June 24, 2010).  The Montana Supreme Court's docket on direct appeal, Cause No. DA 08-0207, can be found at the same location.

applied state procedural requirement, <u>Collier v. Bayer</u>, 408 F.3d 1279, 1284 (9th Cir. 2005), that does not depend on the merits of his federal claims, <u>Ake v. Oklahoma</u>, 470 U.S. 68, 74-75 (1985).

Mont. Code Ann. § 46-22-101(2) has been firmly established for nearly twenty years.  Its application in Petitioner's case was also independent of federal law; that is, the Montana Supreme Court did not consider whether Petitioner's claims had merit under federal law in order to decide whether he violated Mont. Code Ann. § 46-22-101(2).  Despite an opportunity to do so, Petitioner has not shown that Mont. Code Ann. § 46-22-101(2) was not consistently applied at the time he filed his state habeas petition or is otherwise insufficient to bar federal habeas review.

### C. Excuse for Procedural Default

This Court will hear even procedurally defaulted claims if the Petitioner can "demonstrate cause for the default [in state court] and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." <u>Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991).  Petitioner attempts to show cause on the grounds that his

appellate counsel was ineffective and by pointing out that he did not have the complete transcripts of his case on direct appeal.  He also claims that he should not have been convicted because the State did not introduce evidence against him.

### 1. Ineffective Assistance of Appellate Counsel as Cause

Ineffective assistance of counsel may constitute cause for procedural default.  Edwards v. Carpenter, 529 U.S. 446, 451 (2000).  On two occasions in the state proceedings, Petitioner attempted to show ineffective assistance of appellate counsel with respect to his current claims.  First, in his direct appeal, he moved the Montana Supreme Court to appoint new counsel because counsel did not intend to assert that the State failed to introduce any evidence in its case-in-chief.  Letter at 1, State v. Weller, No. DA 08-0207 (Mont. Sept. 23, 2008).  This motion was based on an August 1, 2008, letter from his attorney, stating "The only matters that can be argued on appeal are those revealed by the district court file and the transcripts as they exist."  Id. at 3.

The Montana Supreme Court noted the filing of Petitioner's opening brief and denied the motion because "Mr. Weller has not stated sufficient

reason for this Court to discharge present counsel and appoint a different lawyer." Order at 1, <u>Weller</u>, No. DA 08-0207 (Mont. Oct. 8, 2008). Petitioner's letter did not suffice to alert the Montana Supreme Court to his claim that the transcript had been altered. Without that allegation, it is not possible to understand how Petitioner could claim that no evidence was introduced at his trial. Therefore, the letter did not exhaust ineffective assistance of appellate counsel for purposes of showing cause for procedural default. <u>Carpenter</u>, 529 U.S. at 451-53; <u>Davis v. Silva</u>, 511 F.3d 1005, 1009 (9th Cir. 2008).

Second, Petitioner alleged, in his petition for postconviction relief, that appellate counsel was ineffective for failing to raise on direct appeal the issues he now presents to this Court. Resp. to Order (doc. 6) at 1. However, he did not appeal the denial of his postconviction petition. Again, the requirements of <u>Carpenter</u> are not met.

### 2. Lack of Access to Transcripts on Direct Appeal as Cause

Petitioner also repeatedly states that he did not have transcripts on direct appeal. <u>E.g.</u>, Resp. to Order at 2. His appellate counsel did. That is why Petitioner should have pursued a postconviction appeal. That he

failed to do so was not counsel's fault but his fault.

### 3. Actual Innocence

Nor does Petitioner show actual innocence.  Of course, a jury could not convict someone following a trial without evidence, but witness testimony is evidence.  Petitioner appears to complain of nothing more than a technical failure to observe procedures for the formal admission of certain items of evidence.  He does not deny the jury heard and saw incriminating evidence.  He does not identify evidence that would have been ruled inadmissible had formal procedures been followed. Consequently, he does not establish that no reasonable juror would have found him guilty if the errors he complains of had not occurred.  Schlup v. Delo, 513 U.S. 298, 327 (1995).

Petitioner's procedural default is unexcused.

## III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11(a), Rules Governing § 2254 Proceedings.  A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28

FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE / PAGE 7

U.S.C. § 2253(c); <u>Hohn v. United States</u>, 524 U.S. 236 (1998).  Where, a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Lambright v. Stewart</u>, 220 F.3d 1022, 1026 (9th Cir. 2000) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)).

Petitioner alleges that the State failed to introduce evidence against him at trial and altered the transcripts.  He says nothing to indicate actual prejudice – that is, there is no reason to suspect either that inadmissible evidence was used against him or that the evidence the jury saw and heard was insufficient.  Further, it is clear that Petitioner did not present either of his claims to the Montana Supreme Court on direct appeal, and he did not pursue a postconviction appeal.  The claims are procedurally defaulted.  Despite an opportunity, he was unable to show cause or a fundamental miscarriage of justice to excuse his default.

There is neither a substantial showing of merit nor a possibility that reasonable jurists would disagree with the procedural ruling.  A COA is not warranted.

Based on the foregoing, the Court enters the following:

## RECOMMENDATIONS

1.  The Petition (doc. 1) should be DISMISSED WITH PREJUDICE as procedurally defaulted without excuse.

2.  The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3.  A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing.  A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE / PAGE 9

Petitioner must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address." Failure to do so may result in dismissal of his case without notice to him.

DATED this 25th day of June, 2010.


/s/ Keith Strong
Keith Strong
United States Magistrate Judge

FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE / PAGE 10