

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | | |
|---|---|---|
| SHAWN HOWARD WELLER, | ) | CV 10-21-H-DWM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MIKE MAHONEY; ATTORNEY | ) | |
| GENERAL OF THE STATE OF | ) | |
| MONTANA, | ) | |
| | ) | |
| Respondents. | ) | |

Petitioner Shawn Weller filed this action for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254. He is a state prisoner proceeding pro se. United

States Magistrate Judge Keith Strong ordered Weller to show cause why the

petition should not dismissed as procedurally defaulted. After receiving Weller's

brief in response to the order, Judge Strong entered Findings and

Recommendation in this matter on June 25, 2010. Judge Strong recommended

dismissing the petition as procedurally defaulted. Weller timely objected on July

-1-

6, 2010. Therefore, he is entitled to de novo review of those portions of the

Findings and Recommendation to which he objected. 28 U.S.C. § 636(b)(1). The

portions of the Findings and Recommendation not specifically objected to will be

reviewed for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach.,

Inc., 656 F.2d 1309, 1313 (9th Cir. 1981).

Because I agree with Judge Strong's analysis and conclusions, I adopt his

Findings and Recommendation in full. Petitioner is familiar with the factual

background of this case, so it will not be restated here.

Weller first raised the claims in this federal petition by filing a petition for a

writ of habeas corpus with the Montana Supreme Court. The Montana Supreme

Court denied the petition on the grounds that it was barred by Mont. Code Ann. §

46-22-101(2), which bars state habeas petitions that "attack the validity of the

conviction or sentence of a person who has been adjudged guilty of an offense in a

court of record and has exhausted the remedy of appeal." The Supreme Court

concluded Weller could have raised his claims on direct appeal or in a petition for

post-conviction relief, and, while he filed a post-conviction petition in the state

trial court, he had not appealed its denial. Judge Strong found the Montana

Supreme Court denied Weller's claims based on his failure to comply with a

firmly established and consistently applied state procedural requirement, without

-2-

considering the merits of the federal claims.  See Collier v. Bayer, 408 F.3d 1279, 1284 (9th Cir. 2005).  Judge Strong also found Weller had not "demonstrate[d] cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate[d] that failure to consider the claims will result in a fundamental miscarriage of justice."  Coleman v. Thompson, 501 U.S. 722, 750 (1991).  Therefore, Judge Strong recommended dismissing the petition as procedurally defaulted without excuse.

Weller objects to Judge Strong findings, largely by restating the arguments set forth in his petition and his brief in response to Judge Strong's show cause order.  He argues he was unable to timely appeal the denial of his post-conviction petition because Montana State Prison limits the number of copies a prisoner may make each month to 30, and it would have taken several months to make adequate copies of the appeal.  This objection is unfounded.  An appeal is instituted simply by filing a notice of appeal and does not require extensive pages or copies.  See Mont. R. App. P. 4.  Weller had 60 days to appeal the denial of his post-conviction petition.  Mont. Code Ann. § 46-21-203.  His ability to make copies is no excuse for the failure to timely appeal the denial of his post-conviction petition.

Weller argues that Judge strong incorrectly found Weller did not present on appeal his claim that the trial transcripts were altered.  Even if this findings was

-3-

incorrect, Judge Strong also found that Weller failed to appeal this issue as raised in his post-conviction petition. Weller also raises various other claims regarding ineffective assistance of counsel and the conduct of his appellate counsel. I agree with Judge Strong that Montana law required Weller to raise such issues in his post-conviction petition. His failure to appeal the denial of his petition is attributable to Weller's own actions, not his counsel, and does not excuse the procedural default.

Weller restates his claim that no evidence was introduced against him at trial, and that he should have been able to offer additional defenses to the jury. I agree with Judge Strong that there was evidence, including witness testimony and exhibits, admitted in Weller's trial. He offers no specifics as to this argument, but continues to make vague, generalized claims. These arguments do not show cause for Weller's procedural default.

I find no clear error in Judge Strong's remaining findings and recommendations. Accordingly,

IT IS HEREBY ORDERED that Judge Strong's Findings and Recommendation (dkt #7) are adopted in full. The Petition (dkt #1) is DISMISSED WITH PREJUDICE as procedurally defaulted without excuse.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

The Clerk of Court is directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

DATED this __14__ day of July, 2010.

Donald W. Molloy, District Judge
United States District Court